## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SHARYL THOMPSON ATTKISSON, *et al.*,** | |
| *Petitioners,* | |
| **v.** | **Civil No. 1:23-cv-01106-JRR** |
| **UNITED STATES OF AMERICA, *et al.*,** | |
| *Respondents.* | |

## MEMORANDUM OPINION

### I.      INTRODUCTION

Petitioners Sharyl Thompson Attkisson and Sarah Judith Starr Attkisson bring this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1)[1] ("APA"), and seek judicial review of Respondents the United States of America, the United States Department of Justice ("DOJ"), and the United States Postal Service's ("USPS") denial of their *Touhy*[2] request for depositions of current and former government employees and agency representatives in a related action in this court, *Attkisson v. Bridges*, Case No. 1:20-cv-00068-JRR.[3]  (APA case; ECF No. 1.)

Pending before the court is Respondents' Motion to Dismiss.  (ECF No. 27; the "Motion.")  The court has reviewed all papers.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, by accompanying order, the Motion will be granted.

---

[1] 5 U.S.C. § 706(1) provides in part: "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed[.]"

[2] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)*.*

[3] The instant action is referred to as the "APA case;" the related action, *Attkisson v. Bridges*, Case No. 1:20-cv-00068-JRR, is referred to as the "*Bridges* case."

## II.     BACKGROUND

### A.     Legal Framework

"Pursuant to 5 U.S.C.A. § 301, executive branch agencies may prescribe regulations for their own internal governance, conduct of business, record keeping, and document custody." *COMSAT Corp. v. Nat'l Science Found.*, 190 F.3d 269, 272 n.3 (4th Cir. 1999).  "Such regulations are commonly known as 'housekeeping' regulations, and do not authorize the agency to withhold information from the public."  *Id.*  "Housekeeping regulations that create agency procedures for responding to subpoenas are often termed *Touhy* regulations, in reference to the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S. Ct. 416, 95 L.Ed. 417 (1951))."  *Id.*  In *Touhy*, the Supreme Court "specifically recognized the authority of agency heads to restrict testimony of their subordinates by this type of regulation."  *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989).  "The policy behind such prohibitions on the testimony of agency employees is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business."  *Id.* at 70.

"When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." *COMSAT*, 190 F.3d at 278.  Importantly, "the decision to permit employee testimony is committed to the agency's discretion. This compromise between public and private interests is necessary to conserve agency resources and to prevent the agency from becoming embroiled in private litigation."  *Id.*  "A party challenging an agency's *Touhy*-based denial of a subpoena or request for testimony 'must proceed under the APA, and the federal court will review the agency's decision not to permit its employee to testify under an arbitrary and capricious standard.'"  *Bobreski v. U.S.*

*E.P.A.*, 284 F. Supp. 2d 67, 73–74 (D.D.C. 2003); *see COMSAT Corp.,* 190 F.3d at 274 (providing that, "when the government is not a party, the APA provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas.").   "The APA waives sovereign immunity and permits a federal court to order a non-party to comply with a subpoena if the government has refused production in an arbitrary, capricious, or otherwise unlawful manner." *COMSAT*, 190 F.3d at 277.

### B.   **Factual and Procedural Background**

As stated above, Petitioners seek judicial review of Respondents' denial of their *Touhy* request for depositions of current and former government employees and agency representatives in the *Bridges* case.[4]

#### 1.   **Underlying Litigation – The *Bridges* Case**

Petitioners here are the plaintiffs in the *Bridges* case.   On January 10, 2020, the *Bridges* plaintiffs (again, Petitioners here) sued various defendants alleging violations of their Fourth Amendment to the United States Constitution pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (Count I); and violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511 and 2520 (Count II).   (*Bridges* case; ECF No. 1.)[5]   In

---

[4] Although courts in this circuit have not required parties challenging a *Touhy*-based denial to proceed in a collateral action, Petitioners elected to file the APA case as a separate action.   *See Spence v. NCI Info. Systems, Inc.*, 530 F. Supp. 2d 739, 744 (D. Md. 2008) (resolving plaintiff's motion to compel "under the provisions of the APA as part of the underlying litigation" and not requiring a separate action under the APA); *Lamb v. Wallace*, No. 7:16-CV-44-FL, 2018 WL 847242, at *1 (E.D.N.C. Feb. 13, 2018) ("As a preliminary matter, the court determines that Plaintiffs are not required to file a separate action under the APA against the Government to vindicate their subpoenas."); *Sauer Inc. v. Lexington Ins. Agency, Inc.*, No. 5:13-CV-180-F, 2014 U.S. Dist. LEXIS 156127, at *10 (E.D.N.C. Oct. 31, 2014) ("A dispute over non-compliance with a subpoena may be resolved under the APA as part of the underlying litigation, without requiring the party seeking to enforce the subpoena to file a separate proceeding under the APA."); *Clay v. Consol Pa. Coal Co.*, Civil Action No. 5:12-cv-92, 2013 U.S. Dist. LEXIS 208503, at *5 (N.D.W.Va. Oct. 17, 2013) ("Although an aggrieved party may bring a separate action under the APA, if the underlying case is already in federal court, a motion to compel compliance with the subpoena or a motion to quash the subpoena are both sufficient mechanisms to allow a federal district court to review an agency's actions under its *Touhy* regulations."),.

[5] The *Bridges* case "represented Plaintiffs' second effort to secure legal redress for the alleged unlawful surveillance of their electronic devices."   (ECF No. 1 ¶ 25.)   *See Attkisson v. Holder*, 925 F.3d 606 (4th Cir. 2019).

August 2021, after the *Bridges* plaintiffs filed a Second Amended Complaint, discovery in the *Bridges* case commenced.  (*Bridges* case; ECF No. 36.)

In July 2022, the *Bridges* plaintiffs issued Rule 45 subpoenas for depositions of current and former employees of USPS, USPS Office of Inspector General, the Federal Bureau of Investigation ("FBI"), and DOJ, and Rule 30(b)(6) depositions of the FBI and USPS.  (APA case; ECF No. 1 ¶ 8; ECF No. 27 at 2; ECF No. 20-3.)  In response, DOJ, through counsel, informed the plaintiffs that agency housekeeping regulations require deposition requests to include a summary of the testimony sought and an explanation of its relevance to the action.  On August 22, 2022, counsel to the United States Secret Service gave the *Bridges* plaintiffs permission to depose Defendant Bridges.  (APA case; ECF No. 1 ¶ 16; ECF No. 1-10.)  Following multiple rounds of submissions offered by the *Bridges* plaintiffs to satisfy DOJ's demands as to the remaining depositions requests, DOJ ultimately "rejected the validity of the information sought," and informed the *Bridges* plaintiffs that no witness testimony would be authorized.  (APA case; ECF No. 1 ¶¶ 10–18; ECF Nos. 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-12.)  By letter of October 31, 2022, Erek Barron, United States Attorney for the District of Maryland, advised the *Bridges* plaintiffs:

> A comprehensive review of the factors pertinent to a decision respecting the requested disclosures in a case where the United States is not a party, compels the denial of your request. As an initial matter, you have not complied with the Touhy regulations. You have not provided a detailed summary of the testimony sought from a 30(b)(6) witness or any of the individual witnesses. You have not set forth any justification for why the individual witnesses have relevant personal knowledge. Likewise, you do not detail the relevance of the requested testimony to the claims at issue. Further, authorizing the requested deposition testimony would contravene the dictates of 28 C.F.R. § 16.24(b). Of particular import, a thorough analysis of the Section 16.26(b) factors cannot be conducted based on the vague descriptions of the requested testimony. As such, your request is denied.

(APA case; ECF No. 1-13.)

Between January 2022 and January 2023, the court extended the discovery deadline in the *Bridges* case several times.  (*Bridges* case; ECF Nos. 74, 79, 83, 87, and 95.)  On May 2, 2023, the *Bridges* plaintiffs filed a motion for a status conference noting that certain discovery still remained outstanding.  (*Bridges* case; ECF No. 103.)  The court held a status conference and declined to amend the scheduling order again.  (*Bridges* case; ECF No. 106.)

On June 1, 2023, Defendant Shaun Wesley Bridges moved for summary judgment. (*Bridges* case; ECF No. 109.)  On February 6, 2024, the court granted Defendant Bridge's motion and entered judgment in favor of Defendant Bridges and against the *Bridges* plaintiffs.  (*Bridges* case; ECF Nos. 113 and 115.)

## 2.    APA Case

On April 25, 2023, Petitioners (the *Bridges* plaintiffs) filed the instant action pursuant to the APA, challenging the government's response to their *Touhy* requests in the underlying *Bridges* case.  (APA case; ECF No. 1.)  On October 18, 2023, the court entered an order extending the time for Respondents to file the administrative record and to set a briefing schedule.  (APA case; ECF No. 23.)  The operative briefing schedule required Respondents to file a motion for summary judgment by November 7, 2023.  *Id.*  The same day the court set the briefing schedule, Petitioners filed a motion to modify it – "to accommodate [Petitioners'] right to review the record submitted by the Government and, if necessary and warranted, submit a motion to supplement the record." (APA case; ECF No. 24.)  On November 9, 2023, the court denied the motion to modify without prejudice on the basis that the motion failed to propose a modified schedule and failed to attach a proposed order.  (APA case; ECF No. 26.)  Importantly, the order at ECF No. 26 provides: "Upon the filing a motion which fashions a specific modified schedule, and which has been shared with and discussed with Respondents to seek consent, the court will consider a renewed motion."

Petitioners did not file a renewed motion with a proposed modified schedule and did not file a motion to supplement the record.

On February 6, 2024, the same day the court granted Defendant Bridges' motion for summary judgment in the *Bridges* case, Respondents filed the instant Motion. (ECF No. 27 at 1.) On February 15, 2024, Petitioners filed a response. (ECF No. 28.) On March 1, 2024, Respondents filed a reply. (ECF No. 29.)

## II.   LEGAL STANDARD

### Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Subject matter jurisdiction involves a court's power to hear a case; it may not be forfeited or waived. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court[.]" *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004)).

"When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist []." *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015). "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam)). "The 'case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "[I]t is not enough that a

dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Id.* (citations omitted).  A "case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (citation omitted).

### III.   <u>ANALYSIS</u>

Respondents argue that disposal of the *Bridges* case by summary judgment "renders this case, seeking to enforce subpoenas issued to non-party government witnesses in that case, *entirely moot*."  (ECF No. 27 at 1.)  Petitioners counter:

> Here, no just cause exists for the Government's relief. The Petitioners/Plaintiffs have filed a motion seeking reconsideration of the Order granting summary judgment citing relevant case law supporting manifest injustice, including factual support they feel worthy of the Court's consideration. The relief sought likewise ignores the right of the Petitioners/Plaintiffs to appeal should the court, in its discretion, deem reconsideration not appropriate. A dismissal of this Administrative proceeding under those circumstances would be both imprudent and impractical given the impact of a possible reversal and remand of the civil action, which would then mean the Administrative proceeding was not "dead", but it had been rendered "dead" by the inopportune dismissal.
>
> And lastly, the Court must determine whether the Administrative proceeding is so inextricably bound with the substance of the appeal, that further action renders the district powerless. The Administrative proceeding is limited to discovery issues associated with non-party Government witnesses who have been shown to have relevant documents and testimony relevant to the civil action. The Court has the discretion to proceed with that action, assuming the balancing of factors weighs in that direction, but also has the discretion to stay the Administrative proceeding. The Petitioner wishes for the Court to allow the proceedings to continue given the now-approaching two-year mark of their efforts to squeeze the truth from the Government with factual evidence.

(ECF No. 28 ¶¶ 7, 8.)

"[T]he termination of an underlying proceeding moots collateral discovery disputes related to that proceeding." *Usher v. United States Dep't of Just.*, 698 F. Supp. 3d 174, 176 (D.D.C. 2023); *see McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 334 (4th Cir. 2001) ("[A]n ancillary court's power to issue and enforce subpoenas is entirely dependent upon the jurisdiction of the court in which the underlying action is pending."); *Blair v. Wills*, 112 F. App'x 546, 547 (8th Cir. 2004) (dismissing appeal as moot where underlying case from which subpoena was issued was no longer proceeding); *Lopez Contractors, Inc. v. F&M Bank Allegiance*, 90 F. App'x 549, 550 (D.C. Cir. 2004) ("As the underlying action has been decided against the appellants, this collateral discovery dispute is now moot.").

Respondents direct the court's attention to *Usher v. United States Department of Justice*, 698 F. Supp. 3d 174 (D.D.C. 2023). There, the plaintiff filed suit against the DOJ "seeking to obtain the exculpatory evidence produced in a criminal trial that ended with his acquittal." *Id.* at 175. The plaintiff requested the information "to build his defense in a parallel administrative enforcement action brought against him by the Office of the Comptroller of the Currency (OCC)." *Id.* The DOJ subsequently denied his *Touhy* request. *Id.* The plaintiff then filed suit in the United States District Court for the District of Columbia asking the court to "order the DOJ to comply with his *Touhy* request or the ALJ's subpoena, both of which cover documents he considered 'essential to his defense in the OCC proceeding.'" *Id.* After the corresponding OCC proceeding was dismissed with prejudice, the *Usher* court dismissed the plaintiff's suit as moot. 698 F. Supp. 3d at 175.

In dismissing the case as moot, the *Usher* court reasoned:

> Because both the subpoena and *Touhy* request arose from the underlying—and now nonexistent—OCC enforcement action, this case is moot. In the D.C. Circuit, the termination of an underlying proceeding moots collateral discovery disputes related to that

proceeding. *See In re Apollo Grp., Inc. Sec. Litig.*, 329 Fed. App'x 283, 284 (D.C. Cir. 2009); *Lopez Contractors, Inc. v. F&M Bank Allegiance*, 90 Fed. App'x 549, 550 (D.C. Cir. 2004); *In re City of El Paso*, 887 F.2d 1103, 1104 (D.C. Cir. 1989). Here, the ALJ's dismissal of all charges against Mr. Usher and administrative closure of the OCC's action terminated the underlying proceeding from which the subpoena and Touhy request sprung. Because this Court cannot enforce a subpoena arising out of a case that no longer exists, and because the Court cannot order the DOJ to comply with a request "to enable [Plaintiff] to defend himself in [a] . . . [nonexistent] enforcement action," ECF 16-1 at 201, the Court cannot provide Mr. Usher any "effectual relief" at this juncture. *Calderon*, 518 U.S. at 150, 116 S. Ct. 2066.

…

Even if Mr. Usher were correct that such "non-Rule 45" requests are not always voided when the underlying proceeding ends, there is no doubt that any dispute over the denial of Mr. Usher's requests in this case ended with the OCC action. The subpoena and Touhy request had one purpose: to "enable Mr. Usher to defend himself in the OCC enforcement action." ECF 16-1 at 201; *see also* ECF 20-1 at 34 ("[T]he discovery Mr. Usher seeks is essential to his defense in the OCC proceeding."); ECF 16 ¶ 76(f) ("[T]o date Usher lacks the authority to use [the records] in the OCC proceeding . . . And Usher seeks only to disclose the Exculpatory Evidence to . . . the OCC prosecutors and administrative law judge."); ECF 16 ¶ 15 (asking that this Court "require the government to permit Usher to use the Exculpatory Evidence before the OCC"); ECF 20 at 1 (requesting "an order compelling the [DOJ] to comply with the [ALJ's] subpoena . . . to produce documents in . . . an adjudication before the [OCC]"). And his Complaint confirms that "[a]ll [he] asks for is for one executive agency of the U.S. Government to permit him to present the evidence to another executive agency in its parallel proceeding involving the same conduct." ECF 1 ¶ 14. The bottom line is that these requests were submitted exclusively to aid the OCC's proceeding against Mr. Usher. The proceeding is no more, so the requests are no more.

Nor is this dispute one of the "exceptional situations" where an otherwise moot case may proceed because it is "capable of repetition, yet evading review." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). The OCC dismissed all charges with prejudice, and there is no evidence suggesting that Mr. Usher will be subjected to the same action again. And contrary to Mr. Usher's arguments, his case is not saved from mootness simply because the Government acknowledged that "[i]f

> Plaintiff wishes to use the documents in a new proceeding, he may of course submit a new request to the Department." ECF 25 at 12; contra ECF 26 at 11. Mr. Usher could submit a request for documents relevant to, for example, the proceeding he now faces in Brazil. ECF 28 at 2. But this would indeed be a "new request," which Mr. Usher would have to tailor and justify based on the demands of this "new proceeding." It would not duplicate or revive the dispute in this case as to whether DOJ correctly refused discovery to Mr. Usher based on his alleged failure to "demonstrate with particularity the relevance of the documents requested to the OCC proceeding." ECF 1-15 at 3; see 28 C.F.R. § 16.22(d).

*Usher*, 698 F. Supp. 3d at 176-77.

Here, Petitioners do not dispute that their *Touhy* requests arose from the underlying—and now nonexistent—*Bridges* case.  To be certain, their *Touhy* requests were submitted exclusively to aid them in the *Bridges* case and for no other reason.  (*See* APA case; ECF No. 20-3.)  Because the *Bridges* case no longer exists (judgment having been entered for Defendant Bridges), Petitioners' request here – which asks the court to compel discovery ostensibly relevant to the *Bridges* case – is moot.  *See Usher, McCook Metals LLC, Blair,* and *Lopez Contractors, Inc., supra.*

Further, on August 15, 2024, the court denied the *Bridges* plaintiffs' motion for reconsideration of its ruling on the motion for summary judgment.  (*Bridges* case; ECF No. 118.) While the *Bridges* plaintiffs may invoke their right to appeal, such a prospect does not render the APA discovery dispute at issue.  *See In re Apollo Grp., Inc. Sec. Litig.*, 329 F. App'x 283, 284 (D.C. Cir. 2009) ("The rule here is simple: a Rule 45 subpoena such as this one issues in aid of a trial proceeding, FED. R. CIV. P. 45(a)(1)(A)(ii) (requiring that a subpoena state the civil action number and the court in which it is pending), and so the termination of that trial proceeding voids the subpoena and moots any ongoing litigation regarding it. This is so even where, as here, the underlying case is now pending on appeal."); *Lopez Contractors, Inc.*, 90 F. App'x at 550 ("That

appellants have appealed the adverse state court ruling does not suffice to keep this collateral proceeding alive as 'there is no longer a trial proceeding in aid of which a subpoena for a discovery deposition may issue.'") (quoting *City of El Paso v. S.E. Reynolds*, 887 F.2d 1103, 1105 (D.C. Cir. 1989)).

In sum, the court is without authority to compel discovery for a case that no longer exists; and, in any event, declines to do so.

IV.    **CONCLUSION**

For the reasons set forth herein, by separate order, Respondents' Motion to Dismiss.  (ECF No. 27) is **GRANTED** and the Petition for Judicial Review (ECF No. 1) will be dismissed without prejudice.[6]

/S/

_____
Julie R. Rubin
United States District Judge

August 20, 2024

---

[6] A dismissal for a defect in subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."  *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022).